UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORGIO RAFAEL HERNANDEZ-GUEVEDO,

Plaintiff,

-against-

THE NYS JUDICIARY BRANCH; THE
DUTCHESS COUNTY; THE PUBLIC
DEFENDER'S OFFICE; DEFENSE COUNSEL
MICHELLE BLEEKER,

Defendants.

26-CV-2379 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained at the Dutchess County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] Named as Defendants are the New York State Judiciary Branch, Dutchess County, the "Public Defender's Office," which the Court understands to be the Dutchess County Public Defender's Office, and defense counsel Michelle Bleeker. By order dated May 21, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff filed this action without a prisoner authorization. By order dated March 26, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency. (ECF 4.) The court received Plaintiff's prisoner authorization on April 9, 2026.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits— to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[3] On April 19, 2025, Plaintiff was arraigned in the Poughkeepsie City Court, at which time Defendant Michelle Bleeker of the Dutchess County Public Defender's Office was assigned to represent him. At their first meeting, Plaintiff informed Bleeker that he wanted to testify before the grand jury, but Bleeker tried to discourage him from doing so because he "could give something to the prosecutor that could later be used against [him]." (ECF 1, at 4.) Plaintiff maintains that Bleeker's "attitude" toward him "seemed accusatory." (*Id.* at 5.)

On May 12, 2025,[4] Plaintiff sent Bleeker "a long letter" reaffirming his position that he wanted to testify before the grand jury. (*Id.*) Plaintiff again repeated his position during "virtual interviews" with Bleeker in the following days. (*Id.*)

On June 2, 2025, the date on which Plaintiff alleges that the 45-day statutory deadline to obtain an indictment expired,[5] Bleeker informed Plaintiff that the grand jury proceedings for the case had not yet been scheduled. Plaintiff directed Bleeker to file a motion for his release, but

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[4] Plaintiff occasionally states that events occurred in 2026. Based on context, it is clear that Plaintiff is referring to dates in 2025.

[5] Plaintiff references New York Criminal Procedure Law § 190.80, which provides that,

[u]pon application of a defendant who on the basis of a felony complaint has been held by a local criminal court for the action of a grand jury, and who, at the time of such order or subsequent thereto, has been committed to the custody of the sheriff pending such grand jury action, and who has been confined in such custody for a period of more than forty-five days, . . . without the occurrence of any grand jury action or disposition pursuant to subdivision one, two or three of section 190.60, the superior court by which such grand jury was or is to be impaneled must release him on his own recognizance.

she refused, stating that, "in certain circumstances, the prosecutor had 90 days to obtain an indictment," a legal position with which Plaintiff disagrees. (*Id.* at 7.)

Bleeker later informed Plaintiff that his grand jury proceeding was scheduled for June 24, 2025, but "she wasn't going to allow [him] to testify," claiming that, as his lawyer, she could make that decision despite his wishes. (*Id.*) Plaintiff then fired Bleeker. Plaintiff alleges that he was never brought to court for the June 24, 2025 hearing, and it is unclear from the complaint whether Bleeker appeared on his behalf.

On June 25, 2025, Plaintiff wrote a letter to the court stating that he had fired Bleeker and asking the court "to declare null the outcome of the Grand Jury proceedings because [he] did not ha[ve] legal counsel to represent [him]" during those proceedings. (*Id.* at 8.) Plaintiff maintains that the court "ignored [his] request" and scheduled future proceedings. (*Id.*)

On August 8, 2025, Kevin P. Irwin, whom Plaintiff alleges is a former assistant district attorney and a current "part time judge," was assigned to represent him. (*Id.* at 9.) Plaintiff alleges that Irwin "agreed" that Bleeker had violated Plaintiff's rights, and, on November 7, 2025, Irwin filed an omnibus motion in Plaintiff's criminal case that included a claim for ineffective assistance of counsel. (*Id.*) Plaintiff alleges that the court denied his motion based on long-standing state court precedent. (*See id.* at 9-11.)

Plaintiff is currently awaiting trial on the criminal charges in the state court, and alleges that, if "counsel would not have violated [his] right to testify before the Grand Jury," he would have been "set . . . free" and "spare[d]" the time of his pretrial detention. (*Id.* at 12.)

Plaintiff asserts that his legal argument before this Court is that the state courts have "misconstrued" the Sixth Amendment by limiting the right to effective assistance of counsel to trial. (*Id.*) He requests that the Court "interfere with its Federal Power to put the New York State

4

in place and make its judicial system to ali[gn] and abide by the provisions of the 6th and 14th Amends to the Constitution of the USA." (*Id.* at 13.)

Plaintiff specifically seeks an order "directing the NYS judicial branch to ali[gn] and abide by the provisions of the 6th and 14th Amend[ments]" and directing the New York State Bar Association, which is not a party in this action, to "impose severe penalties, restrictions and administrative punishment to lawyer[s] whom know[ingly] and unlawfully violate the profession's ethics principals." (*Id.* at 15.)

## DISCUSSION

Plaintiff's claims that Defendants violated his federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.     Improper defendants

#### 1.     Eleventh Amendment immunity

The Court must dismiss Plaintiff's claims against the New York State "Judiciary Branch," which the Court understands to be the New York State Unified Court System. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."

*Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted). The New York State Unified Court System and individual state courts are arms of the state that are entitled to Eleventh Amendment immunity. *See id*. at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." (citation omitted)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the "NYS Judicial Branch" as barred by the Eleventh Amendment, and, therefore, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); Close v. New York, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

### 2.    Section 1983 claims against Bleeker

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

Here, Defendant Bleeker, a private attorney employed by the Dutchess County Public Defender's Office, is not a state actor under Section 1983. *See, e.g.*, *Johnson v. Prue*, No. 1:19-CV-0685 (MAD) (DJS), 2019 WL 5596460, at *3 (N.D.N.Y. Oct. 30, 2019) (finding public defender employed by Dutchess County Public Defender's Office was not a state actor). The Court therefore dismisses Plaintiff's Section 1983 claims against Bleeker for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Section 1983 claims against Dutchess County and Dutchess County Public Defender's Office**

Plaintiff's claims against the Dutchess County Public Defender's Office must be dismissed. In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). Under New York law, municipal agencies cannot be sued in the name of the agency, unless state law provides otherwise. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a

claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*.").

The Court has reviewed Dutchess County's municipal charter and code, and they do not appear to authorize the Dutchess County Public Defender's Office to be sued in its own name. *Accord Allen v. Antal*, No. 12-CV-8024 (NSR), 2014 WL 2526977, at *7 (S.D.N.Y. Mar. 13, 2014) (holding that, because the Dutchess County Public Defender's Office is a department or agency of Dutchess County, it cannot be sued separately from the county). Thus, the Court must dismiss Plaintiff's claims against the Dutchess County Public Defender's Office for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, the Court will construe his allegations against the Dutchess County Public Defender's Office as being asserted against Dutchess County, which is also a named defendant in this action.

When a plaintiff sues a municipality, such as Dutchess County, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011)). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff's allegations do not suggest that Dutchess County has a policy, practice, or custom that has caused a violation of his federal constitutional rights. The Court therefore dismisses his Section 1983 claims against Dutchess County for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    *Younger* abstention**

Even if Plaintiff had named a proper party and alleged facts suggesting that his federal constitutional rights were violated, the Court would still not be able to grant him the relief he seeks. The Court understands Plaintiff's request that the Court "interfere . . . to put the New York State in place" by issuing an order directing the New York state courts to "abide by" the Sixth and Fourteenth Amendment as a request to intervene in his ongoing state court proceedings. (ECF 1, at 13, 15.) In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) (discussing *Younger*). "[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors'

complaints which led to the charges were false" were "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)); *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff's state court criminal proceedings are ongoing*, see People v. Hernandez-Quevedo*, Ind. No. 70615-25/001 (Dutchess Cnty. Ct.), and he has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceedings. The Court therefore dismisses Plaintiff's claims in which he asks this Court to interfere with his ongoing state court criminal proceedings.

**D.      State law claims**

Plaintiff appears to be asserting claims of legal malpractice against his attorney. Such claims arise under state law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

10

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.      Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint as barred by the Eleventh Amendment, and therefore, for lack of subject matter jurisdiction, for failure to state a claim on which relief may be granted, and as barred by the *Younger* abstention doctrine. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    June 1, 2026
          New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.

11